THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY SHAFER, Appellant, v. ROBERT J. KIRBY, as Warden of Sing Sing Prison, Ossining, N. Y., Respondent. — Order dismissing writ of habeas corpus and remanding petitioner affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SHELL OIL COMPANY, INC., Appellant, v. ANTHONY J. RIZZARDI, Assessor of the City of New Rochelle, New York, WALTER J. BRENNAN and Others, Constituting the Board of Equalization and Review of Said City, and CHARLES U. COMBES, as City Clerk of Said City, Respondents.— Order denying appellant's motion to direct a further return to the writ of certiorari reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The plea that to file a further return, as requested, would place an intolerable burden on respondents must be addressed to the Legislature and not to the court, for the latter is bound to give effect to the definite requirements of section 292 of the Tax Law. The return made by respondents herein did not substantially comply with the foregoing section of the Tax Law. (*People ex rel. Jamaica W. S. Co.* v. *Tax Comrs.*, 196 N. Y. 39; *People ex rel. Beard's Erie Basin, Inc.*, v. *Sexton*, 247 App. Div. 754; *People ex rel. Behrer-Nason Co., Inc.*, v. *Miller*, 254 id. 696.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

BERTRAND H. SNELL and Others, Respondents, v. CITY OF LONG BEACH, Appellant.— Consolidated actions on contract by plaintiffs as holders of special assessment improvement bonds issued by the city of Long Beach, on which there were defaults in payment both as to principal and interest. Judgment for the plaintiffs unanimously affirmed, with costs. The defendant was obligated by contract to levy and collect assessments for the payment of the principal and interest of each issue of the bonds " as the same respectively become due." The bonds in these series became due yearly over a period of ten years. This contract obligation required timely action in order that the funds might be available to meet the obligations due each year. Therefore, the city was required to act with celerity each year to carry out this obligation to levy and collect the assessments. Under the evidence herein, it was grossly delinquent both as a matter of law and as a matter of fact, to the damage of the bondholders. The New York cases invoked to sustain a contrary view are readily distinguishable. The affirmance is on the assumption that the plaintiffs will credit upon the judgment the difference between six per cent and four per cent in respect of their interest claims covering the period from July 1, 1939. The defendant could have had the benefit of such credits without prosecuting this appeal. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.